UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE (K.R.D.),<br><br>        Plaintiff,<br><br>    v.<br><br>HILTON DOMESTIC OPERATING COMPANY INC., et al.,<br><br>        Defendants. | Case No. 5:24-cv-06993-PCP-VKD<br><br>**JOINT STIPULATION TO RESCHEDULE HEARING AND AMEND THE SCHEDULING ORDER** |

The Parties in the above-captioned Action, by and through their counsel, stipulate and agree to the following:

1. Whereas Plaintiff initiated this case against Defendants on October 4, 2024 (ECF No. 1);

2. Whereas the Court issued a Case Management Order on May 16, 2025, setting pretrial deadlines in this case (ECF No. 51);

3. Whereas the Parties engaged in extensive negotiations regarding the Stipulated Protective Order which took time given the issues involved. Blevins Decl., ¶ 2;

4. Whereas on July 1, 2025, the Court entered a Stipulated Protective Order (ECF No. 59);

5. Whereas on February 11, 2026, Hilton Domestic Operating Company Inc. filed a Joint Discovery Letter Brief (ECF No. 71) which the Court has set for hearing on February 24, 2026 (ECF No. 72);

6. Whereas on February 24, 2026, Plaintiff's counsel and some of Hilton's counsel are unavailable for the discovery hearing because they will be in a previously scheduled four-day mediation in a group of other non-Hilton cases they are retained in. Blevins Decl., ¶ 5;

7. Whereas the first available Tuesday Plaintiff's counsel and Hilton's counsel are available to attend the discovery hearing is on March 31, 2026. Blevins Decl., ¶ 6;

8. Whereas good cause exists to grant this first request for continuance of the existing pre-trial deadlines and discovery hearing. The Parties were unable to conduct meaningful discovery prior to the entry of the Protective Order because Defendants did not know the identity of Plaintiff and the Parties did not have appropriate protective orders and discovery protocols in place. Blevins Decl., ¶ 3. Since entry of the Protective Order, the Parties have continued to engage in discovery, including the exchange of written discovery and significant document productions, and are still in the process of meeting and conferring regarding discovery issues in an attempt to resolve these issues without motion practice. Id. ¶ 4. Plaintiff's deposition cannot be conducted until after a ruling on Hilton's pending Discovery Letter Brief. And on February 10, 2026, the Parties met to discuss outstanding issues with Hilton's discovery. Id. at ¶ 7. Hilton is scheduled to provide

supplemental information to Plaintiff by February 24 and additional document production by Hilton will not be provided until some time after that. Id. Depositions of Hilton and its fact witness cannot be scheduled until after additional production is made. Id. Given the above, there is insufficient time to depose Plaintiff and all Defendants prior to the current April 15, 2026, fact discovery cutoff. Id. at ¶ 8. An extension of time will permit the Parties to complete the discovery hearing and depositions and resolve any remaining disputes before the proposed fact discovery cutoff date. Id. ¶ 9; and

9. Whereas given the above, the Parties stipulate to extend the pre-trial deadlines by two months in order to facilitate the completion of fact discovery.

## **STIPULATION**

NOW THEREFORE, the Parties stipulate and request that the Court continue the presently set deadlines as follows:

| EVENT | CURRENT DEADLINE | AMENDED DEADLINE |
|---|---|---|
| Hearing on Joint Discovery Letter Brief | February 24, 2026 | March 31, 2026 |
| Fact Discovery Cutoff | April 15, 2026 | June 15, 2026 |
| Plaintiff's Designation of Opening Experts with Reports | April 15, 2026 | June 15, 2026 |
| Last Day to Complete ADR | April 30, 2026 | June 30, 2026 |
| Defendants' Designation of Opening Experts with Reports | May 15, 2026 | July 15, 2026 |
| Expert Discovery Cutoff | July 15, 2026 | September 15, 2026 |
| Filing of Dispositive/Daubert Motion(s) | August 5, 2026 | October 5, 2026 |
| Trial Setting Conference | November 3, 2026 | February 22, 2027 |

Dated:  February 17, 2026

Respectfully submitted,

*/s/ Bryan Blevins*
Bryan O. Blevins, Jr., pro hac vice
350 Pine Street, Ste. 1100
Beaumont, TX 77701
(409) 835-6000 Telephone
bblevins@pulf.com

Amanda J.G. Walbrun,
State Bar No. 317408
walbrun@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone: (818) 340-5400
Facsimile: (818) 340-5401

Annie McAdams, pro hac vice
ANNIE MCADAMS PC
2900 North Loop West, Suite 1130
Houston, Texas 77092
Telephone: (713) 785-6262
annie@mcadamspc.com

David E. Harris, pro hac vice
SICO HOELSCHER HARRIS, LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 653-3300
dharris@shhlaw.com

Attorneys for Plaintiff


JONES DAY

*/s/ Nicole M. Perry*
Nicole M. Perry, Esq*., Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600
Email: nmperry@jonesday.com

Bethany Biesenthal, Esq*., Pro Hac Vice*
Allison McQueen, Esq*., Pro Hac Vice*
JONES DAY

110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
      amcqueen@jonesday.com

Andrew J. Clopton, Esq., *Pro Hac Vice*
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
Telephone: (313) 733-3939
Facsimile: (313) 230-7997
Email: aclopton@jonesday.com

Emily F. Knox
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: egoldbergknox@jonesday.com


Attorneys for Defendant
*Hilton Domestic Operating Company Inc.*

*/s/ Molly McCafferty*
Molly McCafferty
Orrick, Herrington and Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400
Email:Mmccafferty@orrick.Com

Aaron Paul Brecher
Orrick, Herrington & Sutcliffe
401 Union Street, Suite 3300
Seattle, WA 98101
(206) 839-4332
Email:Abrecher@orrick.Com

Attorneys for Defendant
HLT San Jose LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Bryan Blevins*
Bryan Blevins
Attorney for Plaintiff