Nicole Perry, Esq., *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600
Email: nmperry@jonesday.com

Bethany Biesenthal, Esq., *Pro Hac Vice*
Allison McQueen, Esq., *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Email: bbiesenthal@jonesday.com
         amcqueen@jonesday.com

Emily F. Knox (State Bar No. 307035)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700
Email: egoldbergknox@jonesday.com

Attorneys for Defendant
*Hilton Domestic Operating Company Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE (K.R.D.),<br><br>              Plaintiff,<br><br>       v.<br><br>HILTON DOMESTIC OPERATING COMPANY INC., et al.,<br><br>              Defendants. | Case No. 5:24-cv-06993-PCP-VKD<br><br>**JOINT STATUS REPORT** |

Plaintiff K.R.D. and Defendant Hilton Domestic Operating Company Inc. ("Hilton") hereby jointly submit this status report pursuant to the Court's March 31, 2026 Interim Order RE February 11, 2026 Discovery Dispute (Dkt. No. 71).

**POSITIONS**

**Hilton's Position:**

**I.    Meet and Confer Update**

The parties have met and conferred via email and video conference since the March 31 hearing but continue to disagree on the scope of Plaintiff's social media production.  More specifically:

- On April 2, 2026, Hilton provided Plaintiff with a proposed revision of RFP 46 containing narrowed topics of social media requests. **Exhibit A**. Consistent with this Court's March 31, 2026 order, Hilton limited the requests by time period and tailored them to topics discussed at the hearing.

- On April 8, 2026, Plaintiff responded and offered to produce "everything" from Plaintiff's Trafficking Period of May 2014 through September 2015, followed by a damages review for only the year after September 2015 and the year preceding this suit. Hilton objected as contrary to this Court's verbal ruling that social media from the entire Damages Period may be discoverable based on the limited information Plaintiff provided about her damages.

- On April 9, Plaintiff produced supplemental interrogatory responses and the first social media documents from Facebook over the Trafficking Period. Plaintiff did not provide any additional information regarding damages in the responses.

- On April 10, the parties met and conferred. Plaintiff addressed Hilton's proposed topics for the Trafficking Period but maintained her objection to producing documents for the post-Trafficking Damages Period. Plaintiff also represented that (1) she had not downloaded her Instagram account because it was not active during the Trafficking Period, (2) the account is currently active and private, and (3) some posts from Instagram appeared in Plaintiff's Facebook account, which had more public information

after the hearing.

- On April 11, Plaintiff served responses and objections to revised RFP 46. **Exhibit B**. For several Damages Period topics, Plaintiff stated she had "selectively reviewed and produced responsive information," without confirming all responsive documents were provided. Plaintiff reiterated that she had not sought to download her Instagram data.

- Yesterday evening, Plaintiff produced approximately 900 pages of Facebook data and further amended interrogatory responses. The only substantive change was to ROG 14, in which Hilton asked Plaintiff to describe her damages. Plaintiff's unverified revised response stated: "Despite the physical, psychological, mental and emotional trauma I experienced during my trafficking and continue to suffer from today, I have been able to work, travel, engage in physical activity, spend quality time with my family, care for my child, and date following my trafficking." **Exhibit C**.

- Plaintiff's April 13 amended responses also confirmed she has held her Instagram account since 2013. **Exhibit C.**

Plaintiff's deposition remains scheduled for Monday, April 20. Plaintiff has indicated she wishes to proceed, but Hilton has objected given Plaintiff's social media production is incomplete, over 1,500 pages of documents produced in the last week are under review, and the high risk of a second deposition.

## II.    Remaining Disputes

The two issues that remain in dispute are Plaintiff's Instagram account and data from the post-Trafficking Damages Period. *First*, Plaintiff's refusal to download or produce any Instagram content is improper and raises preservation concerns. *Second*, Hilton maintains that social media from the post-Trafficking Damages Period is relevant and proportional to this case. Plaintiff claims ongoing anxiety, depression, and PTSD throughout this period, yet only yesterday served a further amended response addressing how her damages do not manifest—while still failing to explain how

they do. Plaintiff's "selective[] review[]" and production is inappropriate. Plaintiff has not identified what was produced or held back, which does not provide fair notice to Hilton.

Regarding the Instagram data, Plaintiff's claim that some Instagram posts are "encompassed" in her Facebook is insufficient. Instagram is a distinct platform with its own posts, direct messaging, and "stories." Plaintiff cannot unilaterally exclude an entire platform when she has provided no assurance that all content appears on Facebook or that her Instagram-exclusive messages and content will be produced.

Regarding the post-Trafficking Damages Period, Plaintiff characterizes this discovery as invasive and speculative. However, her supplemental responses still do not explain how her alleged damages manifest. Hilton still needs discovery during the Damages Period to show the degree of Plaintiff's alleged suffering. These requests are not intended to harass Plaintiff; they are tailored to topics related to her damages and trafficking claims.

Accordingly, Hilton respectfully requests that the Court compel Plaintiff to produce all responsive social media, including Instagram data, for the Trafficking Period and post-Trafficking Damages Period on topics in Exhibit A. Additionally, Hilton requests that the April 20 deposition be postponed until the production is complete to avoid Plaintiff sitting for two depositions. Hilton further requests that any additional hearing on this dispute be held virtually.

**Plaintiff KRD's Position:**

### III.  Meet and Confer Response

Plaintiff has made a substantial effort to review and produce relevant social media to Hilton's overbroad topics:

- Yes, Hilton provided Plaintiff with proposed revisions of RFP 46. However breaking down one improper request into multiple improper requests does not make those requests proper under the Federal Rules. See **Exhibit A**.
- Yes, Plaintiff has a download of her Facebook account, which was active during her trafficking period, remains active today and includes items posted to Instagram. It is also

PUBLIC and equally available to Hilton.

- Yes, Plaintiff does not have a download of her Instagram account. It was not active during her trafficking period and is not active today. To her recollection, the account was always set to private, but she did not limit what would be populated to Facebook.

- Yes, KRD offered to produce all social media for the trafficking period, the year following and the year preceding suit which was rejected by Hilton.

- KRD has confirmed to Hilton that upon a review of her Facebook download, she has nothing further that is responsive to Requests for Production 2, 21, 26, 27, 29 and 41 which overlap with Hilton's topics for Request #46.

- As of April 13, 2026, KRD has produced, from her Facebook download, 1565 pages including posts, messages, pictures, videos and links. Subject to objection, she has also supplemented her responses to discovery including supplemental responses to Interrogatories 14 and 15. See **Exhibit C**.

Respectfully, "all social media content including narrative posts, photographs and tags, captions, geotags, check-ins, stories, direct messages, and any other communications or published posts" involving any "travel" outside San Jose, "the child fathered by her trafficker" and any reference to KRD "dating or romantic relationships" during KRD's trafficking period simply does not comply with the Court's instructions.

- Despite these objections, Plaintiff reviewed the entirety of the available download and produced what could be determined as relevant to the requests.

But, Hilton still demands 12 years of "all social media content including narrative posts, photographs and tags, captions, geotags, check-ins, stories, direct messages, and any other communications or published posts" on topics remaining overbroad, unduly burdensome, untethered in any meaningful way to the claims and defenses in this case and are ultimately intended to be embarrassing and harassing, including, but not limited to – KRD attending any "social gatherings,...or other group activities; traveling,…or visiting locations outside of her home

location; participating in exercise,…outdoor recreation, or other physical activities;" "dating or romantic relationships"; and all interactions with "her family." See **Exhibit A.**

- In the limited time since receiving Hilton's "topics" and after focusing on her trafficking period and any treatment for her injuries, KRD has produced responsive information from a sampling of her post-trafficking period.

## IV.    Remaining Disputes

During the March 31st hearing, the Court repeatedly asked Hilton to identify what relevant information it was looking for in KRD's social media. Again and again, Hilton responded with hypothetical examples of what other victims allegedly testified too in their depositions. This lays speculation on top of speculation. First, Hilton (and this court) have to speculate as to what KRD will testify too and second, whether her social media may contain anything probative. Hilton has more than sufficient information to take the deposition and ask KRD questions about her trafficking, injuries sustained and her post-trafficking life. Yes, it MAY result in the Plaintiff being deposed twice but that deposition and the related social media search will be targeted.

Hilton's continued demand, for impermissibly broad social media discovery (12 years post trafficking), casts the net far too wide and will only result in the production of scores of irrelevant quasi-personal information. Social media as noted by many commentators and courts "is not real life" and lacks the necessary probative value of any particular mental or emotional health issues. Such discovery is intended to have a "chilling effect" on the enforcement of important statutory rights and would undermine the dual remedial purposes of 18 U.S.C. § 1595(a); 22 U.S.C. § 7101(a) - to punish traffickers and protect victims.

Plaintiff requests that Hilton proceed with her April 20th deposition as scheduled. Plaintiff joins the request that any additional hearing on this dispute be held virtually.

Dated: April 14, 2026

Respectfully submitted,

JONES DAY

By: */s/ Nicole M. Perry*
Nicole M. Perry, Esq*., Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: nmperry@jonesday.com

Bethany Biesenthal, Esq*., Pro Hac Vice*
Allison McQueen, Esq*., Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
        amcqueen@jonesday.com

Andrew J. Clopton, Esq., *Pro Hac Vice*
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
Telephone: (313) 733-3939
Facsimile: (313) 230-7997
Email: aclopton@jonesday.com

Emily F. Knox
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: egoldbergknox@jonesday.com

Attorneys for Defendant
*Hilton Domestic Operating Company Inc.*

JOINT STATUS REPORT
CASE NO. 5:24-cv-06993-PCP-VKD

By: */s/ Amanda J.G. Walbrun*
Amanda J.G. Walbrun, State Bar No. 317408
   walbrun@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel: (818) 340-5400
Fax: (818) 340-5401

David E. Harris, *Pro Hac Vice*
   dharris@shhlaw.com
SICO HOELSCHER HARRIS, LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401
Tel: (361) 653-3300

Bryan O. Blevins, Jr. | SBN 02487300 – *Pro Hac Vice*
350 Pine Street, Ste. 1100
Beaumont, TX 77701
(409) 835-6000 Telephone
(409) 838-8888 Facsimile
bblevins@pulf.com

*Attorneys for Plaintiff Jane Doe (K.R.D.)*

JOINT STATUS REPORT
CASE NO. 5:24-cv-06993-PCP-VKD

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Nicole M. Perry*
Nicole M. Perry, Esq.

Attorney for Defendant
*Hilton Domestic Operating Company Inc.*