# Exhibit B

\

## K.R.D. – Hilton's Proposed Topics for Plaintiff's Social Media Production

I. <u>Previous Hilton RFPs to Plaintiff:</u> Beyond the topics addressed in RFP 46, Hilton believes that social media content would be responsive to the following prior Hilton RFPs: 2, 21, 26, 27, 29, 41.

   **RESPONSE:** We have reviewed our download of KRD's Facebook account and found no responsive documents to these specific requests.

II. Hilton's proposed revision of RFP 46 is as follows:

   46. Any social media content including narrative posts, photographs and tags, captions, geotags, check-ins, stories, direct messages, and any other communications or published posts:

   **RESPONSE:** We obtained a download of KRD's Facebook account including Instagram related posts. That account is "Public" and Hilton has an equal ability to access the information available. It our understanding that the available information does not contain geotags or other location specific meta data. All further responses and production made with respect to the following topics are made subject to Plaintiff's existing objections to Request for Production 46. To the extent Plaintiff needs to object to Hilton's proposed topics, Plaintiff objects that the topics remain overbroad, unduly burdensome, harassing, lacking in particularity and specificity and not likely to lead to the discovery of relevant information. As made clear during the hearing, Hilton responded repeatedly during the hearing that the alleged relevancy of certain social media was based on its experience with other Plaintiff's testifying in their deposition, as such, the "Topics" reflect nothing more than speculation as to what Plaintiff will testify too and then further speculation as to whether relevant information will be found in KRD's social media. Subject to Plaintiff's objections here and to Request for Production 46 and her arguments as presented in the discovery dispute letter on production oof social media, Plaintiff has reviewed the data download in relationship to our understanding of the requested topics and would respond as follows in addition to its physical production of documentation:

   1. For Plaintiff's Alleged Trafficking Period, **Summer of 2014 to Summer of 2015**:
      a. Showing Plaintiff traveling outside of San Jose, California, including photos of landmarks or photographs placing Plaintiff in another city, references or tags identifiable locations, including but not limited to bars, restaurants, hotels, or retail establishments, and archived stories on Plaintiff's Instagram account depicting her location;

      **RESPONSE:** Plaintiff has produced responsive information.
      b. Made by or attributed to Plaintiff during the dates in which Plaintiff alleges she was trafficked at the San Jose DoubleTree;

      **RESPONSE:** Plaintiff has produced responsive information.

\

    c.   Involving or exchanged with Plaintiff's trafficker or his associates;

    **RESPONSE:** None.

    d.   Involving or exchanged with Plaintiff's alleged johns;

    **RESPONSE:** None

    e.   Where Plaintiff discusses her trafficker or trafficking;

    **RESPONSE:** None

    f.   Involving Plaintiff's family;

    **RESPONSE:** Plaintiff has produced responsive information.

    g.   Regarding her child fathered by her trafficker;

    **RESPONSE:** Plaintiff has produced responsive information.

    h.   Reflecting Plaintiff's involvement in dating or romantic relationships; and

    **RESPONSE:** Plaintiff has produced responsive information.

    i.   Where Plaintiff discusses law enforcement or her arrests.

    **RESPONSE**: None

2. For Plaintiff's Alleged Damages Period – **Summer of 2014 to Present**

    a.   Reflecting Plaintiff attending social gatherings, parties, concerts, sporting events, bars, restaurants, or other group activities;

    **RESPONSE:** Plaintiff has selectively reviewed and produced responsive information.

    b.   Reflecting Plaintiff traveling, vacationing, or visiting locations outside of her home location;

    **RESPONSE:** Plaintiff has selectively reviewed and produced responsive information.

    c.   Reflecting Plaintiff participating in exercise, sports, hiking, gym workouts, outdoor recreation, or other physical activities;

    **RESPONSE:** Plaintiff has selectively reviewed and produced responsive information.

    d.   In which Plaintiff discusses therapy attendance, medication use or non-compliance, self-assessments of mental health progress, or reluctance to seek treatment;

    **RESPONSE:** Plaintiff has produced responsive information.

    e.   In which Plaintiff discusses her trafficker or trafficking. This request includes any communication between Plaintiff and her trafficker or his associates through social media;

    **RESPONSE:** Plaintiff has produced responsive information.

\

f.   In which Plaintiff discusses her lawsuit(s) related to trafficking, anticipated recovery, or the financial aspects of the claim;

**RESPONSE**: Plaintiff objects to the lack of particularity and relevance to the claims and defenses of the case.

g.   Referencing Plaintiff's use of alcohol or recreational drugs;

<u>**RESPONSE:**</u> Plaintiff has selectively reviewed and produced responsive information.

h.   Reflecting or discussing Plaintiff's professional accomplishments and/or employment;

<u>**RESPONSE:**</u> Plaintiff has selectively reviewed and produced responsive information.

i.   Reflecting Plaintiff's involvement in dating or romantic relationships; and

<u>**RESPONSE:**</u> Plaintiff has selectively reviewed and produced responsive information.

j.   Reflecting Plaintiff's interactions with her family.

<u>**RESPONSE:**</u> Plaintiff has selectively reviewed and produced responsive information.