Nicole Perry, Esq., *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: nmperry@jonesday.com

Bethany Biesenthal, Esq., *Pro Hac Vice*
Allison McQueen, Esq., *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
        amcqueen@jonesday.com

Emily F. Knox (State Bar No. 307035)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: egoldbergknox@jonesday.com

Attorneys for Defendant
*Hilton Domestic Operating Company Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE (K.R.D.),<br><br>       Plaintiff,<br><br>  v.<br><br>HILTON DOMESTIC OPERATING COMPANY INC., et al.,<br><br>       Defendants. | Case No. 5:24-cv-06993-PCP-VKD<br><br>**JOINT STATUS REPORT** |

Plaintiff K.R.D. and Defendant Hilton Domestic Operating Company Inc. ("Hilton") hereby jointly submit this status report pursuant to the Court's April 16, 2026 Order (Dkt. 83). In light of the progress of this dispute and recent developments in discovery, the parties intend to submit a joint request for an extension of the scheduling order next week.

## POSITIONS

**Hilton's Position:**

Since the Court's April 16 Order, several developments have arisen:

- On April 24, Plaintiff served a revised response to Hilton Interrogatory 14 (**Exhibit A**), which again offered only a general description of anxiety and depression, with limited examples, and failed to provide a time period for her damages or Instagram content, as required by the Court's order. Hilton then tailored its RFP 46 topics, provided in **Exhibit B** along with supporting explanations**.**

- Although Hilton followed up on April 27 regarding the missing information, Plaintiff did not provide the requested Instagram information until May 1—a week past the Court-ordered deadline. **Exhibit C.**

- Hilton also identified via letter deficiencies in Plaintiff's first social media production, including that: Plaintiff's Facebook account is not public or "equally available to Hilton"[1] as represented to this Court; Plaintiff may have an undisclosed Snapchat account; Facebook content was missing; and Instagram content from 2014 to present may not be preserved or disclosed. **Exhibit D.**

- Hilton subsequently discovered that Plaintiff's current Instagram account was created in October 2024—the same month this lawsuit was filed—despite 2016 Facebook posts showing cross-posts from an Instagram account. Plaintiff then disclosed, for the first time, that she deleted her prior Instagram account in April 2024.[2] **Exhibit C.**

- On May 7, the parties conferred via videoconference. Plaintiff provided some responses regarding her social media production but could not explain how documents were

[1] Dkt. 82 at 4.
[2] Plaintiff previously represented that she first retained counsel on January 17, 2019. Hilton reserves all rights to seek an adverse inference instruction at trial based on spoliation.

selectively reviewed for this production. Plaintiff also confirmed her Facebook account is not fully public or "equally available" to Hilton as previously asserted. Regarding RFP 46, Plaintiff maintained the topics were overbroad but offered no revisions or alternatives.

To date, Plaintiff has offered no proposed revisions or alternate topics to RFP 46. While the parties discussed sampling, Hilton cannot identify a workable approach because Plaintiff has not provided information to narrow the inquiry such as the years of more significant damages, individuals involved, or frequency of her symptoms. Because Plaintiff's Facebook account is not public, Hilton would be disadvantaged if this inquiry is limited to sampling of sporadic periods while Plaintiff asserts broad damages.

Given the uncertainty regarding Plaintiff's production, her evasiveness, and her broad claimed damages, Hilton requests Plaintiff be compelled to produce all social media responsive to its revised RFP 46 topics (**Exhibit B**). *See In re Hotel TVPRA Litigation*, 2:19-cv-755, at 3–7 (S.D. Ohio Apr. 30, 2026), Dkt. 21. Each of these topics is directly related to damages Plaintiff described in response to Hilton's Interrogatories and will ensure that complete, responsive information is provided.

Hilton respectfully requests a virtual hearing given the complexity of this ongoing dispute.

**Plaintiff KRD's Position:**

**III.    Meet and Confer Response**

- On April 24, Plaintiff served a revised response to Hilton Interrogatory 14 (Exhibit A), which provided significant description of Plaintiff's injuries and confirmed that Plaintiff has suffered harm from her trafficking from the date of trafficking through present. See attached Plaintiff's supplemental responses. Hilton's revised  RFP 46 topics, provided in Exhibit B fail to sufficiently tailor their requests and Hilton has refused to further tailor such requests.

- Plaintiff has responded with respect to the Instagram information as ordered by the Court.

- Plaintiff has responded to the alleged deficiencies in Plaintiff's first social media

production.

- On May 7, the parties conferred via videoconference and Plaintiff responded fully to Hilton's alleged deficiencies. Hilton has failed to meaningfully rail tour RFP 46 and in fact has expanded the discovery requested. Plaintiff maintains the topics are overbroad, challenged Hilton's requested information and suggested that the parties should engage in discussions over sampling since they were unable to agree on revisions or alternatives to Hilton's patently overbroad request. Hilton refused to engage in a discussion of sampling or limitations of any kind to RFP 46.

- Plaintiff is not required to detail every element and aspect of her damages caused by Hilton's conduct. Plaintiff has provided sufficient information to allow Hilton to comply with the Court's order but Hilton refuses to limit is RFP 46. Hilton has available to it both the publicly available information from her Facebook account and Plaintiff's production of relevant social media information and remains ready to further review and research if Hilton could reasonably tailor is request for information.

Plaintiff requests that Hilton be compelled to reasonably tailor their overbroad discovery requests and agree to a reasonable sampling protocol. Such protocol could include the production of relevant information from a month from each year post trafficking to present.

Plaintiff agrees with Hilton's requests a virtual hearing given the complexity of this ongoing dispute.

Dated:  May 8, 2026

Respectfully submitted,

JONES DAY


By:  */s/ Nicole M. Perry*
Nicole M. Perry, Esq*., Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600
Email: nmperry@jonesday.com

Bethany Biesenthal, Esq*., Pro Hac Vice*
Allison McQueen, Esq*., Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Email: bbiesenthal@jonesday.com
        amcqueen@jonesday.com

Andrew J. Clopton, Esq., *Pro Hac Vice*
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
Telephone:  (313) 733-3939
Facsimile:  (313) 230-7997
Email: aclopton@jonesday.com

Emily F. Knox
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700
Email: egoldbergknox@jonesday.com


Attorneys for Defendant
*Hilton Domestic Operating Company Inc.*

By: */s/ Amanda J.G. Walbrun*
Amanda J.G. Walbrun, State Bar No. 317408
   *walbrun@boucher.la*
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel: (818) 340-5400
Fax: (818) 340-5401

David E. Harris, *Pro Hac Vice*
   *dharris@shhlaw.com*
SICO HOELSCHER HARRIS, LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401
Tel: (361) 653-3300

Bryan O. Blevins, Jr. | SBN 02487300 – *Pro Hac Vice*
350 Pine Street, Ste. 1100
Beaumont, TX 77701
(409) 835-6000 Telephone
(409) 838-8888 Facsimile
bblevins@pulf.com

*Attorneys for Plaintiff Jane Doe (K.R.D.)*

JOINT STATUS REPORT
CASE NO. 5:24-CV-06993-PCP-VKD

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2026, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.


/s/ Nicole M. Perry
Nicole M. Perry, Esq.

Attorney for Defendant
*Hilton Domestic Operating Company Inc.*

JOINT STATUS REPORT
CASE NO. 5:24-CV-06993-PCP-VKD