# EXHIBIT C

| | |
|---|---|
| **From:** | Bryan Blevins <BBlevins@provostumphrey.com> |
| **Sent:** | Sunday, May 3, 2026 6:46 PM |
| **To:** | Anderson, Ali K.; Claire Brown |
| **Cc:** | Perry, Nicole M.; Perez Soto, Cristina; Pfau, Julia E.; Misty Sonnier |
| **Subject:** | Re: KRD - Outstanding April 16 Order Information |

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Report Suspicious

I wanted to correct a typo below. KRD deleted her prior Instagram account in approximately April of 2024.

On May 1, 2026, at 12:34 PM, Bryan Blevins <BBlevins@provostumphrey.com> wrote:

Pursuant to the Court's order and based upon our conversations with our client and our understanding of her Instagram and Facebook accounts:

1. K.R.D. no longer has any Instagram content, prior to April of 2024, apart from content that may have also been posted to her Facebook account. We now have a download of her present Instagram account which can be searched for any relevant information. In further response, KRD advised us that she deleted her prior Instagram account in approximately April of 2014.
2. K.R.D has supplemented her responses to Interogatory #14 twice and described in greater detail the harm she suffered as a result of her trafficking, including her trafficking at the Hilton and how that harm has and continues to impact her life today.
3. K.R.D. has advised Hilton of the time period during which she experienced the harms described within her supplementation of Interogatory #14 including statements "which I continue to experience to this day", "during my trafficking and continue to suffer from today",  "The psychological and emotional trauma started immediately with my trafficking and continues to this day"
4. Please provide available dates next week to further confer with respect to Plaintiff's social media.

We are actively reviewing Hilton's correspondence of April 28, 2026.

1

**From:** Bryan Blevins <BBlevins@provostumphrey.com>
**Sent:** Tuesday, April 28, 2026 5:30 PM
**To:** Anderson, Ali K. <akanderson@jonesday.com>; Claire Brown <cbrown@provostumphrey.com>; Bryan Blevins <BBlevins@provostumphrey.com>
**Cc:** Perry, Nicole M. <nmperry@jonesday.com>; Perez Soto, Cristina <cperezsoto@jonesday.com>; Pfau, Julia E. <jpfau@jonesday.com>
**Subject:** RE: KRD - Outstanding April 16 Order Information

We have not been able to compare the limited amount of information in KRD's Instagram to what is available in her Facebook. We are still working with the plaintiff on this issue.

We in fact have responded to items 2 & 3 of the courts order via supplementation of Int 14.

**it would be unduly burdensome to try to list every impairment, complaint, or problem. Plaintiff also objects as this interrogatory exceeds the permissible scope of discovery to the extent that - it requires Plaintiff to itemize intangible damages such as mental anguish. Plaintiff is not required to have a personal opinion on the amount or offer any testimony on a specific amount of damages for these intangibles as these items of damage are uniquely within the purview of the jury.**

**Subject to the aforementioned objections and without waiving same, as a result of my trafficking, I've experienced severe psychological distress and attempted suicide by cutting my wrists. I have suffered severe psychological and emotional trauma including PTSD, depression, anxiety and nightmares, which I continue to experience to this day. I have not had formal medical treatment or counseling because of the costs associated with it. See also Plaintiff's live Complaint for a complete list of the damages Plaintiff is claiming in this suit.**

**SUPPLEMENTAL: Despite the physical, psychological, mental and emotional trauma I experienced during my trafficking and continue to suffer from today, I have been able to work, travel, engage in physical activity, spend quality time with my family, care for my child, and date following my trafficking.**

**SUPPLEMENTAL: Subject to the aforementioned objections and without waiving same, as a result of my trafficking, I've experienced severe psychological distress including attempting suicide by cutting my wrists. I have suffered severe psychological and emotional trauma. I struggle with depression, anxiety and nightmares. I have not had any formal medical or counseling because of the cost associated with it. The psychological and emotional trauma started immediately with my trafficking and continues to this day. Certain locations, smells and other triggers cause my anxiety and distress to spike. Due to the things that have happened to me I am paranoid that people are following me and I am uncomfortable being around others beyond family and**

**longtime friends, especially men I am not familiar with. Due to past threats made by my trafficker, I fear for the safety of my children. Today, I homeschool my children.**

---

**From:** Anderson, Ali K. <akanderson@jonesday.com>
**Sent:** Monday, April 27, 2026 11:47 AM
**To:** Bryan Blevins <BBlevins@provostumphrey.com>; Claire Brown <cbrown@provostumphrey.com>
**Cc:** Perry, Nicole M. <nmperry@jonesday.com>; Perez Soto, Cristina <cperezsoto@jonesday.com>; Pfau, Julia E. <jpfau@jonesday.com>
**Subject:** KRD - Outstanding April 16 Order Information

Counsel,

We're writing regarding Plaintiff's outstanding obligations under the Court's April 16, 2026 Order. To date, we have not received the information the Court directed Plaintiff to provide by last Friday.

First, the Court ordered that if K.R.D. no longer has any content from her Instagram account — apart from content that may have also been posted to her Facebook account — she was required to so advise Hilton by April 24, 2026. We did not receive any such notification by that date. Because Plaintiff did not advise Hilton that she no longer has Instagram content, please confirm that Plaintiff does, in fact, still have content on her Instagram account. Based on Plaintiff's current interrogatory responses, which have not changed in her supplemental responses, Plaintiff has maintained her Instagram account since 2013.

Second, the Court ordered Plaintiff to provide Hilton with the time period during which Plaintiff experienced the harm described in her supplemental response to Interrogatory No. 14. We have not received this information. Without waiver of Hilton's right to argue Plaintiff's latest update to Interrogatory No. 14 remains deficient in other ways, please confirm the time period of Plaintiff's alleged damages as described in her revised response to that interrogatory.

Plaintiff's failure to produce this information by the Court-ordered deadline constitutes a violation of the Court's Order. Please provide the requested information as soon as possible.

Finally, we would like to schedule a time to discuss further social media production. Please let us know your team's availability this week for a meet and confer; we can add this topic to our call on Wednesday if that would be helpful.

Thank you,

Ali

Ali Anderson
Associate
**JONES DAY® - One Firm Worldwide®**

3

110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Office +1.312.269.4228
Mobile +1.630.877.1021
akanderson@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**Bryan O. Blevins, Jr.**
Partner
Board Certified: Personal Injury Trial Law Texas Board of Legal Specialization



350 Pine Street, Suite 1100 | Beaumont, TX 77701
direct (409) 838-8858 | toll free (800) 289-0101
fax (409) 813-8610

**website | bio | vCard | map | email**

*Hard-Working Lawyers for Hard-Working People*

This e-mail and any files transmitted with it is confidential and is intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the Attorney-Client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately return this e-mail to the sender. Thank you.