UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE (K.R.D.),<br><br>      Plaintiff,<br><br>  v.<br><br>HILTON WORLDWIDE HOLDINGS INC., et al.,<br><br>      Defendants. | Case No.  24-cv-06993-PCP   (VKD)<br><br>**FURTHER ORDER RE FEBRUARY 11, 2026 DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 71, 82, 84 |

At the Court's direction, plaintiff K.R.D. and defendant Hilton Domestic Operating Company Inc. ("Hilton") filed a further joint report regarding the status of their efforts to resolve their dispute regarding Hilton's request for production of content and information from K.R.D.'s social media accounts.  Dkt. No. 84; *see also* Dkt. Nos. 71, 81.  As the Court noted in its April 16, 2026 order (Dkt. No. 83), K.R.D. previously represented that she has produced or will produce *all* of her social media content, without limitation, for the period summer 2014 through summer 2016 and for the period October 4, 2023 through October 4, 2024.[1]  *See* Dkt. No. 83 at 3.  The parties continue to disagree regarding what, if any, social media content K.R.D. should be required to produce for the seven-year period from summer 2016 through October 2023 and for the 18 months or so since she filed her complaint in this action.  *See id.*; Dkt. No. 84 at 1-3.  Meanwhile, fact discovery closes on June 15, 2026.  Dkt. No. 75.

The Court assumes familiarity with its April 16, 2026 order.  In that order, the Court

---

[1] K.R.D.'s counsel represented to the Court at the hearing on March 31, 2026 that all of the content from K.R.D.'s Facebook account had already been downloaded.  Dkt. No. 80 (audio recording at 19:20-20:01).

directed K.R.D. to "supplement her response to Hilton's Interrogatory No. 14 to describe more clearly the harm she suffered as a result of Hilton's alleged conduct, including specifically how her emotional distress, anxiety, depression, and PTSD impact her life." Dkt. No. 83 at 6-7. The purpose of this supplementation was to permit K.R.D. to describe how her emotional distress, anxiety, depression, and PTSD impact her life currently or during any specific period, so that Hilton might tailor its discovery demands to content needed to test or rebut her assertions. *Id.* at 5.

In response, K.R.D. supplemented her response to Interrogatory No. 14 with the following additional information: "Certain locations, smells and other triggers cause my anxiety and distress to spike. Due to the things that have happened to me I am paranoid that people are following me and I am uncomfortable being around others beyond family and longtime friends, especially men I am not familiar with. Due to past threats made by my trafficker, I fear for the safety of my children. Today, I homeschool my children."[2] Dkt. No. 84-1 at 15. While this supplemental answer provides some additional information about how K.R.D.'s emotional distress, anxiety, depression, and PTSD impact her life, she continues to insist that she "is not required to detail every element and aspect of her damages caused by Hilton's conduct." Dkt. No. 84 at 3.

For its part, Hilton argues that K.R.D. continues to make broad damages claims spanning a more than 10-year period of time from the beginning of her trafficking to the present but has provided only a few examples of how her trafficking has impacted her life. *Id.* at 2. Nevertheless, Hilton says that it has attempted to tailor its requests for K.R.D.'s social media content to the subject matter K.R.D. identifies. *Id.* at 1, 2; Dkt. No. 84-2. However, as Hilton appears to acknowledge, its revised RFP 46 is not limited to content that would allow it to test or rebut K.R.D.'s damages claims but also encompasses content that would "directly support" K.R.D.'s statements about how her daily life is *not* impacted by the trafficking she suffered. *See, e.g.*, Dkt. No. 84-2 at 1 n.2. In other words, the scope of what Hilton demands is not limited to what it needs to defend itself against K.R.D.'s damages claims.

___

[2] K.R.D. previously answered that she had attempted suicide and suffers from nightmares, which she repeats in her most recent supplemental answer.

United States District Court
Northern District of California

In view of the guidance provided in the Court's April 16, 2026 order, the Court is disappointed that the parties have been unable to resolve this dispute without additional intervention from the Court. The Court therefore resolves the remaining dispute as follows:

1. If K.R.D. has not already done so, she must produce all of her social media content, without limitation, for the following periods: (1) summer 2014 through summer 2016; and (2) October 4, 2023 through October 4, 2024.

2. For the period from summer 2016 through October 2023, K.R.D. must produce her social media content for a sample representing approximately 50% of this time period. Hilton shall select the sample. Hilton may select discrete samples (e.g., June 1, 2017 to August 1, 2017, etc.) and/or a sampling methodology (e.g., the entirety of every other month beginning with June 1, 2017).[3] Alternatively, K.R.D. may elect to produce the entirety of her social media content for this period.

3. K.R.D. shall produce all of her social media content for the one-year period following the filing of the complaint in this action—i.e., from October 4, 2024 through October 4, 2025.

4. If appropriate, K.R.D. may invoke the protections of the protective order entered in this case (Dkt. No. 59) by designating her production of social media content "Confidential."

5. K.R.D. must complete her production of the social media content identified above by **May 28, 2026** or no later than 10 calendar days after Hilton selects its sample(s) (per item 2, above), whichever date is later.

//

//

//

---

[3] If, after reviewing the selected sample, Hilton identifies good cause to obtain additional social media content, it may so advise K.R.D. and may ask K.R.D. to produce additional social media content at a later date. If there is a dispute regarding such a request that the parties cannot resolve, that dispute may be brought to the Court using the discovery dispute resolution procedure.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 13, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4